Cooper *v.* Taylor et al.

---

## COOPER v. TAYLOR, *ET AL.*

The trespass was laid in the declaration to have been committed on the first day of August 1826, with a *continuando* up to the time of commencing the action. The defendant pleaded the general issue. On the trial it turned out in evidence, that the plaintiff's title to and possession of the *locus in quo,* did not commence, until the first of April 1828, but that the principal trespass had been committed, subsequent to that period, and prior to the commencement of the action. *Held,* that the plaintiff ought not to have been non-suited. Time in the action of trespass, is not material, and need not to be proved exactly as laid.

This cause was removed into this court by a writ of error to the Common Pleas of the county of Monmouth. The matters in dispute will be found in the opinion of the court, delivered by the CHIEF JUSTICE.

*Ryall,* for plaintiff, cited 1 *Chitt. pl.* 259, *Id.* 281, *Id.* 384; 2 *Saund. pl. and evid.* 441, 855 ; 6 *Bac. Abr. tit. Tress. pr.* 604.

*Vredenbergh,* for defendant, cited 3 *Stark. on evid.* 1529, *&c.*

HORNBLOWER, C. J. This was an action of trespass *qua. claus. freg.* brought by Cooper, who is now plaintiff in error, against the defendants in error, in the Common Pleas of Monmouth county. The suit was commenced in August 1829, and was tried in January term 1832. The trespass was laid in the declaration, to have been committed on the 1st of August 1826,

with a *continuando* up to the time of commencing the action. The defendants pleaded the general issue. On the trial, it turned out in evidence, that the plaintiff's title to and possession of the *locus in quo*, did not commence until the first of April 1828, but that the principal trespass had been committed subsequent to that period, and prior to the commencement of the action. Upon this state of facts, the court ordered the plaintiff to be non-suited; on the ground, that the trespass was laid in the declaration to have been committed on a day antecedent to the plaintiff's title and possession of the premises. Of that decision, the plaintiff in error complains, and I think not without just cause. The only plausible ground of argument in support of the judgment below, is that a trespass could not be continued or repeated which had never been committed ; that the plaintiff having declared on a specific trespass committed on the 1st of August 1826, when none could have been committed, and of a continuance or repetition of that trespass on subsequent days, the plaintiff could not recover as for a *continued* trespass, since there had been no such original unlawful entry, as the one complained of. But the fallacy of this argument consists, in supposing that the plaintiff was bound to prove that he was in possession of the premises, and therefore liable to be trespassed upon, on or prior to the day named in the declaration. This however is a mistake. " The rules of pleading, (says Chief Justice EWING, in *Allen* v. *Smith,* 7 *Halst. R.* 168,) " do not require the day to be laid, on or after the act done, when the time is not material, nor necessary to be proved exactly as laid." In support of which, he cited *Co. Litt.* 283, *a, and* 2 *Str.* 806. Is then the " time material " in trespass ; or the day necessary to be proved, " exactly as laid " ? This will not be pretended. Suppose then, the trespass had been laid on the 2d of April 1828, or on any other day after the plaintiff's title accrued, and before the trespass was actually committed ; would not the argument have been equally logical ; namely, that a trespass which had never been committed, could not be continued ? Whether therefore, the day laid in the declaration, was before the plaintiff had title to the land, or before or after the trespass was actually committed, was per-

fectly immaterial, provided the plaintiff proved an unlawful entry upon his possession, at any time after the action had been brought. The first unlawful entry proved by the plaintiff, supported the declaration, and every subsequent unlawful entry was a continuance of that trespass. The books cited by the plaintiff's counsel, fully sustain this view of the subject, but it is unnecessary to recur to them particularly.

Another objection was suggested on the argument, by the counsel for the defendants in error, which is, that the *locus in quo*, is stated to be in the township of Middletown; but that the plaintiff gave no evidence in support of that allegation. If the state of the case submitted to the court, is to be taken by us, as a substitute for a bill of exceptions, this objection cannot prevail. It was not raised in the court below, and it is now too late. What was said by this court, in *Allen* v. *Smith*, before cited, (7 *Halst.* 168,) is satisfactory and conclusive on this point. The judgment of the Common Pleas must be reversed.

FORD and RYERSON, Justices, concurred.

*Judgment reversed.*